IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GEORGE WILLIAM CROOKS,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 18-72-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 16, 2018, Petitioner George William Crooks filed this action under 28 U.S.C. § 2254. Crooks is a state prisoner proceeding pro se. Mr. Crooks alleges he was illegally sentenced to a 30-year custodial sentence, with 20 of the years suspended, out of Montana's Twenty-First Judicial District, Ravalli County. (Doc. 1 at 1-2). For the reasons set forth below, Mr. Crooks' petition should be denied.

I.  **Background**

On September 8, 2016, pursuant to a plea agreement, Crooks entered guilty plea to felony Driving Under the Influence; Crooks was also designated as a Persistent Felony Offender. On February 16, 2017, the trial court accepted the written plea agreement and imposed sentence. Crooks did not file a direct appeal.

Crooks then attempted to file a federal habeas petition in this Court, challenging the Ravalli County judgment, but the petition was dismissed without

1

prejudice as unexhausted. *See Crooks v. State*, CV-17-144-M-DLC, Judg. (entered Nov. 14, 2017). Crooks then returned to the state courts and petitioned the Montana Supreme Court for habeas relief. *See Crooks v. Salmonsen*, OP 18-0096, Pet. (filed February 12, 2018).[1]

There, Crooks argued that he was improperly sentenced because the trial court failed to follow and sentence Crooks under Mont. Code Ann. § 46-18-201(3)(a)(iv)(A), which Crooks asserted would have required the trial court to suspend all but the first five years of his sentence. *Id*. at 2-3. The Montana Supreme Court denied Crooks relief and pointed out that he was not sentenced under M.C.A. § 46-18-201, but rather pursuant to the framework of the Montana Persistent Felony Offender statutes at M.C.A. § 46-18-501, et. seq. *Crooks v. Salmonsen*, OP 18-0096, Or. at 2 (Mont. Feb. 27, 2018). Further, the Court determined Crooks received a lawful sentence and that the trial court identified its reasons for the length of the custodial sentence by referencing, "Crook's criminal history of twenty-three various offenses, including eleven DUI's dating back to 1984, his alcohol abuse disorder, and 'the opportunity to address and correct any alcohol and chemical dependency issues he has.'" *Id*. Additionally, the Court distinguished Crooks' situation from the cases upon which he relied, *State v.*

---

[1] All state court briefing and opinions available at: https://supremecourtdocket.mt.gov (accessed May 7, 2018).

*Southwick*, 2007 MT 257, 339 Mont. 281, 169 P. 3d 698, and *State v. Deserly*, 2008 MT 242, 334 Mont. 468, 188 P. 3d 1057, as neither of those matters involved a persistent felony offender designation or sentence. *Id*. Because Crooks failed to meet his burden of establishing a prima facie case of receiving an illegal sentence, the Court denied Crooks' petition.

## II. Claims

In the present matter, Crooks advances a slightly different argument than he raised with the state court. Crooks now claims that the Montana Supreme Court erred in denying him relief, because it incorrectly identified him as a "2nd" persistent felony offender when, in reality, he should have been designated and treated as a first-time persistent felony offender. (Doc. 1 at 2). Crooks then argues that because of this misidentification, the Court's analysis and citation to M.C.A. § 46-18-502(2)-(3) was incorrect. *Id*. Crooks asks this Court to reverse the judgment and remand back to the state court, presumably for resentencing and imposition of a five-year custodial sentence. *Id*. at 3.

## III. Analysis

Under Montana law in place at the time of Crooks' Ravalli County sentencing, a persistent felony offender was an offender who had been previously convicted of a felony and was being sentenced for a second felony, if the prior

felony conviction happened within five years' time. MCA § 46-18-502 (2015).[2]

The prosecution is required to give notice of its intent to seek persistent felony offender status and of the prior conviction(s) supporting such designation. § 46-13-108(2), MCA.

A person designated as a persistent felony offender is subject to the enhanced sentencing provisions outlined at § 46-18-502, MCA. A persistent felony offender "shall be imprisoned in the state prison for a term of not less than 5 years or more than 100 years…" § 46-18-502(1). An individual who has previously been designated as a persistent felony offender at the time of conviction on the subsequent offense "shall be imprisoned in a state prison for a term of not less than 10 years or more than 100 years…" § 46-18-502(1). It appears the predicate offense for Crooks' 2015 persistent felony offender designation was a 2011 felony DUI conviction out of Montana's Sixteenth Judicial District, Powder River County.[3] Crooks maintains that aside from the most recent Ravalli County conviction, he was never previously designated as a persistent felony offender.

Crooks argues that because the Montana Supreme Court applied the subsection of the statute applicable to repeat persistent felony offenders, it erred

---

[2] This statute was repealed by Laws 2017, ch. 321 § 40, effective July 1, 2017. Under the current state law, a persistent felony offender "means an offender who has previously been convicted of two separate felonies and who is presently being sentenced for a third felony committed on a different occasion than either of the first two felonies." MCA § 46-1-2-2(18) (2017).

[3] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3007075 (accessed May 7, 2018).

when finding his sentence lawful, because it referenced the 10-year mandatory minimum sentencing requirement of MCA § 46-18-502(2). While Crooks is correct that the Montana Supreme Court in its opinion cited the statute's subsection that may not have been applicable to Crooks, it is without question that the ten-year custodial sentence he received was well within the lawful sentencing range applicable to first-time persistent felony offenders. If Crooks is, in fact, a first time persistent felony offender, he could have received a sentence anywhere between 5 and 100 years for the Ravalli County conviction. *See,* MCA § 46-18-502(1).

Regardless, Crooks seeks redress based upon a purported state law violation, but a petitioner cannot obtain federal habeas relief in this context. *See Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007). Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.").

Thus, even if the Montana Supreme Court inadvertently cited the wrong subsection of the persistent felony offender statute, Crooks has not demonstrated

that the sentence, to which he apparently agreed in a written plea agreement, is unlawful. Again, even assuming there was a state law error, Crooks cannot obtain relief for such error in this Court. A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Crooks' claim is simply not cognizable in a federal habeas proceeding.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claim Crooks attempts to advance does not make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Crooks' Petition (Doc. 2) should be DENIED because the claim is not cognizable in federal habeas.

2. The Clerk of Court should be directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Crooks may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Crooks must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of May, 2018.

>     */s/ Jeremiah C. Lynch*
>     Jeremiah C. Lynch
>     United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Crooks is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.